MATTHEW J. HAFEY (SBN 167122)
mhafey@nemecek-cole.com
KHRYS WU (SBN 219041)
kwu@nemecek-cole.com
**NEMECEK & COLE**
A Professional Corporation
16255 Ventura Boulevard, Suite 300
Encino, California 91436-2300
Tel: (818)788-9500 / Fax: (818) 501-0328

Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEMAJ BRANTLEY, an individual;<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff JAMES RIVER INSURANCE COMPANY ("JAMES RIVER") for its Complaint against the above-named Defendant, upon knowledge, information and belief, alleges as follows:

1. This is an action by JAMES RIVER pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 for a declaratory judgment regarding coverage under a Business Auto Policy concerning an automobile accident and underinsured motorist benefits claimed by defendant Semaj Brantley ("BRANTLEY"). In this action, JAMES RIVER seeks a determination that BRANTLEY has not satisfied the condition precedent to coverage for underinsured motorists coverage under the Policy identified below because he has not

demonstrated the actual payment of the policy limits for all of the persons allegedly at fault for the accident.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant, as is more specifically alleged below, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, in that defendant BRANTLEY presented a written demand for settlement in the amount of $250,000, inclusive of medical special damages and general damages according to proof. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

3. Because the claims at issue arose in the County of Los Angeles, California, and Defendant in this action reside in this district, venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. At all relevant times herein, JAMES RIVER was and is a corporation organized under the laws of the State of Ohio whose principal place of business is located in Richmond, Virginia. JAMES RIVER is an insurance company duly authorized to transact business in the State of California on an approved, non-admitted basis.

5. Defendant BRANTLEY is, and at all relevant times was, a resident of the State of California, County of Los Angeles, and was and is a citizen of the State of California.

## THE POLICY

6. JAMES RIVER issued to Rasier LLC, Rasier-CA LLC, Rasier-DC LLC and Rasier-PA LLC (collectively, "Rasier") a Business Auto Policy No. CA436200CA-02, which was in effect from 03/01/2017 to 03/01/2018, with limits of insurance for liability of $1,000,000 per accident or loss ("the Policy"). The

2631871.5                                2
**COMPLAINT FOR DECLARATORY RELIEF**

Policy applies to claims which occur after a Rideshare Driver has accepted a request through the UberPartner application and is either en route to pick up a passenger or transporting a passenger to his or her destination. The Policy includes Uninsured Motorist and Underinsured Motorist Bodily Injury coverage under Form CA2154 1013, California Uninsured Motorists Coverage – Bodily Injury (the "UM/UIM Coverage Form") with a limit of $1,000,000 per accident. Relevant portions of Policy No. CA436100CA-02, redacted to eliminate private financial information, are attached as Exhibit "A" and incorporated herein by this reference.

## FACTUAL ALLEGATIONS

7. This is an insurance coverage action arising from an underlying multi-vehicle accident that occurred near the intersection of Broadway and 5th Street in Los Angeles, California on the afternoon of May 5, 2017 (the "Accident"). According to the Traffic Collision Report, BRANTLEY was traveling northbound on Broadway, approaching 5th Street, and was following behind a Dodge Caravan driven by Jessica Brito ("BRITO"). At the same time, a Hyundai SUV driven by Saverio Ambesi ("AMBESI"), was traveling southbound on Broadway. It has been alleged that the left front (driver's side) bumper of AMBESI's vehicle collided with the left front (driver's side) bumper of BRITO's vehicle as the traffic control signal was turning from green to red. AMBESI's Hyundai SUV rolled-over as a result of the collision.

8. BRITO claimed that BRANTLEY had rear-ended her, causing her vehicle to be pushed into the southbound lane where AMBESI collided with her.

9. BRANTLEY contended the opposite – that the collision with AMBESI's vehicle happened first, causing BRITO's vehicle to be pushed into BRANTLEY's vehicle.

10. A statement provided by a witness indicated that AMBESI caused the collision by running a red light. Therefore, there exists a genuine issue whether AMBESI was at least partially at fault for the Accident.

11. Defendant BRANTLEY contends that at the time of the Accident, he was transporting passengers while logged into the UberPartner Application, and alleges he suffered bodily injury in the Accident.

12. BRITO, BRANTLEY and AMBESI (and five others) each filed suit for alleged bodily injuries. (Respectively, *Brito v. Semaj Brantley, Rasier, LLC, Rasier-CA, LLC and Uber Technologies, Inc.*, LASC Case No. BC715659 (the "*Brito* Action"), *Brantley v. Francesco Saverio, Jessica Brito*, LASC Case No. 19STCV10070 (the "*Brantley* Action") and *Ambesi v. Uber Technologies, Inc., Semaj Brantley, and Jessica Brito*, LASC Case No. 19STCV14037 (the "*Ambesi* Action"). BRANTLEY's passenger, rider Martina Medrano also filed suit, *Medrano v. Francesco Saverio, Semaj Brantley, Jessica Brito, Karla Harb, Rasier LLC, Rasier-CA, LLC and The Hertz Corporation*, LASC Case No. 19STCV15145 (the "*Medrano* Action").

13. BRANTLEY, through his counsel, Razi Law Group, APLC, sent a letter dated September 29, 2020 with a demand for underinsured motorist benefits in the amount of $250,000. This letter details the reasons why BRANTLEY contends that he is entitled to recover underinsured motorist benefits in the amount of $250,000, which exceeds the jurisdictional minimum of this Court ($75,000).

14. After conducting an investigation and following discussions with BRANTLEY's counsel, JAMES RIVER sent BRANTLEY's written correspondence dated January 16, 2021, explaining that BRANTLEY must satisfy the provisions of Insurance Code § 11580.2(p)(3) to present a claim within the basic Insuring Agreement under the Policy.

15. Insurance Code § 11580.2(p)(3) provides that underinsured motorist coverage "does not apply to any bodily injury until the limits of bodily injury liability policies applicable to all insured motor vehicles causing the injury have been exhausted by payment of judgments or settlements, and proof of the payment is submitted to the insurer providing the underinsured motorist coverage." The

2631871.5

**4**

**COMPLAINT FOR DECLARATORY RELIEF**

*Brantley* Action is still pending against AMBESI, and Brantley has not provided evidence to JAMES RIVER that AMBESI's insurer has exhausted its limit of liability by the payment of a settlement or judgment, which is a statutory condition precedent to coverage under the Policy.

16. In addition, BRANTLEY has not presented a claim within the basic Insuring Agreement under the Policy. The Policy defines "uninsured motor vehicle" as follows:

> 3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":
> 
> a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;
> 
> b. That is an underinsured motor vehicle. An underinsured motor vehicle means a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged but that sum is less than the Limit of Insurance for this coverage;

Under the Policy, BRANTLEY satisfy the following conditions in the Insuring Agreement to qualify for underinsured motorist benefits:

> 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".
> 
> 2. We will pay only after the limits of liability under any liability bonds or policies have been exhausted by payment of judgments or settlements.

Because BRANTLEY has not met either of the foregoing provisions, he has not presented a claim within the Insuring Agreement.

## First Claim for Relief

## Declaratory Relief

17. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint.

18. A true and present controversy exists between JAMES RIVER, on the one hand, and Defendant BRANTLEY on the other, as to whether underinsured motorists coverage is available to BRANTLEY at this time.

19. BRANTLEY has not satisfied the provisions of Insurance Code § 11580.2(p)(3) or presented a claim within the basic Insuring Agreement under the Policy, thus underinsured motorist coverage is not available to BRANTLEY at this time. BRANTLEY disagrees and insists that the Policy has been "triggered" and that JAMES RIVER must arbitrate his claim. Since this is a non-arbitrable coverage issue upon which the parties are not in agreement, it must be decided by the Court before any arbitration were to take place.

20. JAMES RIVER is informed and believes and thereon alleges that additional terms, conditions, exclusions and endorsements applicable to the Policy preclude coverage for insured/underinsured benefits to BRANTLEY.

21. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Policy.

WHEREFORE, Plaintiff JAMES RIVER prays as follows:

**ON THE FIRST CLAIM FOR RELIEF OF THE COMPLAINT**

A. For a judgment declaring that there is no coverage for Defendant BRANTLEY's underinsured claim under the Policy due to his failure to satisfy the requirements of the Insuring Agreement and applicable California law;

B. For a judgment declaring the parties' respective rights, duties and obligations under the Policy;

C. For interest and other recoverable fees and costs incurred herein; and

D. For such additional declaratory and other relief as the Court may deem just and proper.

DATED: February 12, 2021                     NEMECEK & COLE

By: _____
MATTHEW J. HAFEY
KHRYS WU
Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Plaintiff herein demands trial by jury.

DATED: February 12, 2021                     NEMECEK & COLE

By: _____
MATTHEW J. HAFEY
KHRYS WU
Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY